# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | I.D.: 2401005854 |
| v. | ) | |
| | ) | |
| JERRY SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER
### *On Defendant's Motion Under Rule 35(a)*
### DENIED

On August 27, 2025, Defendant filed the instant Motion for a review of sentence and to correct a substantive error under SUPERIOR COURT CRIMINAL RULE 35(a). Having considered Defendant's Motion, the State's response and this Court's review of the record it appears to the Court that:

1. On March 12, 2024, Defendant pled guilty to one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"). Defendant was sentenced to 25 years at Level V suspended after the minimum mandatory term of 5 years at Level V to be followed by decreasing levels of probation.

2. In support of his Motion, Defendant makes two arguments: (1) some of his prior convictions are not considered violent felonies; and (2) he did not indicate he agreed with the State's recitation of his criminal history on the Immediate Sentencing Form.

3. Under Rule 35(a) the Court can correct an illegal sentence at any time.[1]

4. Under 11 *Del.C.* §1447(c) a person convicted of PFDCF faces a minimum mandatory prison sentence of 5 years where the person "has been at least twice convicted of a felony". This statutory provision does not require that the prior felonies be violent felonies only that they be felonies. Smith had at least two prior felonies at the time of his plea and sentencing in this case. Smith's claim that he did not check the box indicating that he agreed with his criminal history on the Immediate Sentencing Form is without merit. The Court's copy of the Immediate Sentencing Form, which is attached to this order, indicates that the box is checked.

5. The two reasons advanced in Defendant's motion are without merit.

6. Upon the Court's initial review of Defendant's Motion the Court determined that the Truth-In Sentencing Guilty plea form incorrectly lists the charge to which Defendant pled guilty as Possession of a Firearm By a Person Prohibited ("PFBPP"). Upon discovering this error the Court requested that as part of the State's response to Defendant's instant Motion that the State address the significance, if any, of this error.

7. Where there is an error on the Truth-In-Sentencing plea form the Court

---

[1] Superior Court Criminal Rule 35.

looks to whether a defendant suffered prejudice as a result of the error.[2] Defendant has suffered no prejudice as a result of this error. The plea agreement that Defendant signed shows he understood the charge to which he was pleading guilty and the minimum mandatory sentence he faced as a result of the plea. The Truth-in-Sentencing guilty plea form correctly lists Defendant's sentencing exposure for the charge to which he pled guilty. In addition, the Court has reviewed its plea colloquy of the Defendant. During the plea colloquy the defendant confirmed: that he was pleading guilty to the crime of possession of a firearm during the commission of a felony; he understood that the statutory range was 5 years to 25 years and that he faced a minimum Level V time of 5 years; and the charge of possession of a firearm during the commission of a felony was read to the defendant after which he pled guilty. On this record Defendant suffered no prejudice as a result of the error on the Truth-In-Sentence Guilty Plea form.

**IT IS HEREBY ORDERED** this 24th day of October, 2025, having considered Defendant's Motion, the Motion is **DENIED**.

        */s/ Francis J. Jones, Jr.*
        Francis J. Jones, Jr., Judge

cc:    Original to the Prothonotary
       William Leonard, Deputy Attorney General
       Mr. Jerry Smith, SBI 00306883, HRYCI

---

[2] *State v. Harris*, 2025 WL 2172452 (Del. Super. 2025).